LEBERECHT WOTTRICH, Respondent, *v.* EDWARD FREE-
MAN, Appellant.

In an action for *crim. con.* the divorced wife of the plaintiff is a competent
witness for him, both to prove the marriage and the offense charged.
The judgment record in the action for divorce is competent evidence to
show the status of the divorced wife and her competency as a witness.
Such judgment cannot be attacked for error or irregularity.
Where the former wife of the plaintiff, after testifying to the performance of
. a marriage ceremony between her and the plaintiff in Prussia, was asked
whether that was the usual way of marriage in that country, this was
objected to as incompetent, immaterial, and that no foundation was laid,
the objection was overruled; *held,* no error ; that the evidence was
. material as tending to prove a valid marriage, and that no foundation or
preliminary proof was required.

(Argued November 12, 1877; decided November 20, 1877.)

THIS was an action for criminal conversation. Upon the
trial, plaintiff offered in evidence a judgment record in an
action for divorce *a vinculo,* brought by him against his wife,
by which judgment the marriage was dissolved. This was
objected to by defendant's counsel as improper and immate-
rial, and that the record showed, on its face, that the divorce
was granted upon improper and illegal testimony. The
objections were overruled, and the evidence was received " as
the basis of other evidence, which counsel for plaintiff stated
they would introduce." Plaintiff then called his divorced
wife as a witness, and she was allowed to testify, under objec-
tion as to her competency, to the circumstances of her mar-
riage with plaintiff, and also to prove the charge set forth in
the complaint. *Held,* no error; that, being no longer the wife
of the plaintiff, she was competent to testify for him, and
that her competency could only be established by the record
of divorce; that competency may be established by extrinsic
evidence, and by the acts of third parties, the court cited
*Ratcliff* v. *Wales* (1 Hill, 63); *Dickerman* v. *Graves* (6
Cush., 308), and that the judgment could not be attacked
collaterally, either for error or irregularity. *Krekeler* v.
*Ritter* (62 N. Y., 372); *Gardner* v. *Buckbee* (3 Cow., 121.)
After the witness had testified as to the manner of the

performance of the marriage ceremony, which she testified took place in Prussia, she was asked whether that was the usual way of marriage in that country. This was objected to on the ground that she was not competent; that it was improper and immaterial, and that there was no sufficient foundation for its admission. The objection was overruled, and the witness answered that it was the usual way.

*Held*, that the evidence was relevant and material, as it tended to prove a material fact — *i. e.*, a marriage valid by the laws of the country where it was solemnized; that the evidence needed no foundation to be laid, or any preliminary proof, to authorize it to be given, as it might be assumed that all residents of a country, of marriageable age and ordinary understanding, are familiar with the usual and customary forms of marriage; and, if the competency of the witness to testify to this fact, by reason of a want of such knowledge was intended by the objection, the ground should have been specified.

*Lewis E. Carr*, for appellant.

*Samuel Hand*, for respondent.

ALLEN, J., reads for affirmance.

All concur, except CHURCH, Ch. J., and ANDREWS, J., not voting.

Judgment affirmed.