### SARAH STUART V. L. S. COLE ET AL.

Decided March 31, 1906.

**Divorce—Proceeding In Rem—Constructive Service—Jurisdiction.**

A decree of divorce is a proceeding in rem; it has extra–territorial force, and is conclusive on the parties to the cause, although one of them was a nonresident of the State in which the divorce was granted. Where the steps are taken which the statutes of a State prescribe as necessary to confer upon the court granting the divorce power to render the decree, jurisdiction attaches, and the decree is binding on the defendant in the case, although she was at the time a nonresident of the State, and no personal service was had upon her, and she did not enter an appearance.

Appeal from the District Court of Hill County. Tried below before Hon. Nelson Phillips.

*R. H. Sayers* and *Vaughan & Works,* for appellant.—That the Circuit Court of Boone County, Arkanas, had no jurisdiction in the divorce proceedings in that court, cited: Rev. Stats. of Arkansas, secs. 2511, 5679, 5680, 5682, 4685, 7220, 5991, also art. 7, sec. 49 of the Consutution of the State of Arkansas, and sec. 4190.

That the judgment of another State may be collaterally attacked by showing want of jurisdiction: Morgan v. Morgan, 1 Texas Civ. App., 317; Chunn v. Gray, 51 Texas, 114; Norwood v. Cobb, 24 Texas, 554; 2 Black on Judg., 927; Freeman on Judg., 580; Redus v. Burnett, 59 Texas, 576.

In order for a court to obtain jurisdiction over the person of a nonresident defendant so as to proceed to render a valid judgment where service of citation is had by publication on the defendant, it is necessary that every act required by the law of the State in which such court is held in perfecting such service by citation be strictly complied with. Chunn v. Gray, 51 Texas, 112; Redus v. Burnett, 59 Texas, 581; Edrington v. Allsbrooks, 21 Texas, 188; Norwood v. Cobb, 24 Texas, 556; Checley v. Clayton, 110 U. S., 710; Bell v. Bell, 181 U. S., 175; Bardsley v. Hines, 33 Iowa, 157; Boyer v. Foster, 62 Iowa, 321.

The decree rendered by the Circuit Court of Boone County, Arkansas, being void for the want of jurisdiction over appellant Sarah Stuart, her right to inherit, as the surviving wife and widow of said H. A. Stuart, the land described in plaintiffs' petition, under the laws and Constitution of the State of Texas, continued as if said decree had never been rendered. Linares v. Linares, 93 Texas, 84; Cockrell v. Curtis, 83 Texas, 105; Moor v. Moor, 24 Texas Civ. App., 153; Johnson v. Kimbrough, 75 Am. Dec., 781; Grover & B. Sewing Machine Co. v. Radcliffe, 137 U. S., 299; Bishop on Marriage, Div. & Sep., vol. 2, secs. 35, 153, 190.

*Morrow & Smithdeal,* for appellees.—The decree of divorce being valid, the separate property of the husband descended at his death to his heirs, and not to his divorced wife. Bahn v. Starke, 89 Texas, 208; Kirkwood v. Domnau, 80 Texas, 645; Bishop on Marriage and Divorce, vol. 2, sec. 153, also sec. 46.

A decree of divorce is a proceeding *in rem,* and terminates the marriage relation against nonresidents of the State in which the decree is rendered. Greenleaf on Evidence, sec. 525; Spear on the law of Married Women, sec. 362; 9 Am. and Eng. Ency. of Law, p. 945; Bishop on Marriage and Divorce, vol. 2, sec. 153; Dunham v. Dunham (Ill.), 44 N. E. Rep., 848; Butler v. Washington (La.), 12 So. Rep., 357; State v. Ducket (Wis.), 63 N. W. Rep., 85.

The recital in the decree of divorce that the law with reference to service had been complied with, is conclusive in favor of the judgment in this, in a collateral proceeding, particularly where the statute of. Arkansas provide that such recital establishes the fact. Boyd v. Roane, 49 Ark., 413; Hardy v. Beaty, 84 Texas, 562; Pennoyer v. Neff, 95 U. S., 714; Milburn v. Smith, 11 Texas Civ. App., 683.

It was incumbent upon the appellees to show a want of service, and where the record of the judgment recited facts showing that there was service, the fact that there is among the papers defective service, does not overcome the presumption and proof of service in the judgment, but to overcume such proof, the evidence would have to show that there was in fact no other service than that relied on by the party attacking the judgment, and there being no such proof in the record here the judgment would have to stand, even though the warning order attacked by the appellant was void. Dickson v. Moore, 9 Texas Civ. App., 520; Brooks v. Powell, 29 S. W. Rep., 809.

BOOKHOUT, ASSOCIATE JUSTICE.—Appellees as plaintiffs below, on the 20th day of January, 1904, filed their original petition in the District Court of Hill County, Texas, against Sarah Stuart, appellant, and Thomas Moss and wife, in the form of an action of trespass to try title to recover the title and possession of 90 acres of land out of the Joseph Greer league in Hill County, Texas, alleging eviction therefrom January 1, 1902. On the 29th day of August, 1904, appellant filed her second amended original answer, same consisting of general denial, special plea alleging that appellant was the lawful and surviving wife and widow of H. A. Stuart, deceased, under whom plaintiffs claim title to the property involved in this suit as heirs; alleging she and the said H. A. Stuart were married in Hill County, Texas, August 3, 1887, and continued to live together as husband and wife in said Hill County until on or about January 30, 1888, on which date he separated himself from appellant and continued to live apart from her without her consent until his death; that said property sued for was occupied by said H. A. Stuart, now deceased, and appellant as their homestead up to on or about January 30, 1888; that said property is now the homestead of defendant and has been continuously since said abandonment, and that she never abandoned same as her homestead; that the decree of divorce obtained by the said H. A. Stuart in the Circuit Court of Boone County, Arkansas, on the 28th day of July, 1891, was void and of no effect for the want of the

jurisdiction of said court on account of failure to secure service of cita-
tion on appellant, as required by law; that said decree could not de-
termine her status as a citizen of the State of Texas as to her property
rights or divest her property right; that said H. A. Stuart died about
the year 1902, intestate, and left no child or children or their descendants
surviving him; that appellant is an heir of said H. A. Stuart; that he
was her lawful husband at the time of his death, and that as such
heir she is entitled to one-half in fee simple of said land sued for, and
is entitled to claim homestead interest in all of said land during her
natural life and so long as she may use said land as a homestead.

The trial court instructed a verdict for plaintiffs and in accordance
with such verdict judgment was entered for plaintiffs. Defendant per-
fected an appeal.

It is contended that the court erred in instructing the jury to return
a verdict for the plaintiffs, because the evidence of the proceedings in
the suit for the divorce in said Circuit Court of Boone County estab-
lished the fact that said court had not acquired jurisdiction to hear and
determine said cause, in that no legal service, constructive or actual,
had been had on the defendant in said divorce proceedings. Appellant
was divorced from H. A. Stuart by decree of the Circuit Court of Boone
County, Arkansas, in 1891. Was this decree void for the want of juris-
diction over the appellant, the defendant in the divorce suit? A decree
of divorce is a proceeding *in rem* and terminates the marriage relation.
Being a judgment *in rem* it has extra territorial force, and is binding
and conclusive on the parties to the cause, although one of them was at
the time it was granted a nonresident of the State in which the divorce
was granted. (Greenleaf on Ev., sec. 525.; Spear on Married Women,
sec. 362; 9 Am. & Eng. Ency. Law, p. 945 (2d ed.); Hunt v. Hunt,
72 N. Y., 217; Black on Judgments, sec. 928.) Such a decree, however,
may be collaterally attacked by showing that the court which rendered
it was without jurisdiction. (Morgan v. Morgan, 1 Texas Civ. App.,
317; Chunn v. Gray, 51 Texas, 114.) The decree recites: "On this
day comes the plaintiff by his attorney, William Keener, and this cause
came on to be heard on the complaint of plaintiff unanswered, the report
of the attorney *ad litem* for said nonresident defendant, and the proof
introduced, and the court finds that an affidavit has been filed by the
plaintiff in this cause that said defendant was a nonresident of this State
at the commencement of this suit; that a warning order had been made
by the clerk in this case and published in the manner and for the
length of time provided by law; that N. B. Crump, an attorney of this
bar, had been duly appointed for the defendant for more than sixty days
before the beginning of this term; that the cause of this bill for divorce
occurred in the State of Arkansas, and within five years before the be-
ginning of this suit, and that the plaintiff has been a bona fide resident
of this State for more than one year prior to the bringing of this suit;
that the plaintiff and defendant were legally married in said State, and
that the defendant had wilfully abandoned said plaintiff for more than
one year prior to the filing of this complaint herein."

A certified copy of the following proceedings had in said cause was
read in evidence. 1st. Affidavit of H. A. Stuart that Sarah Stuart is
a nonresident of the State of Arkansas. 2d. Order of the clerk of

Boone County, Arkansas, appointing N. B. Crump, a practicing attorney, to represent the nonresident defendant. 3d. Warning order issued by the clerk of said Boone County Circuit Court in said divorce case, as follows: Warning Order.—H. A. Stuart, plaintiff, v. Sarah Stuart, defendant, Boone County Circuit Court. "The defendant, Sarah Stuart, is warned to appear in this court within thirty days and answer the complaint of plaintiff, H. A. Stuart." 4th. Certificate of Publication: "I hereby certify that the annexed advertisement was inserted in the 'Harrison Times,' a weekly newspaper, published at Harrison, Boone County, Arkansas, for six consecutive weeks, commencing on the 18th day of April, 1891, and ending on the 23d day of May, 1891. J. R. Newman, Publisher. Sworn to and subscribed before me this the 28th day of July, 1891. W. F. Mitchell, Clerk." 5th. Report of attorney N. B. Crump: Boone County Circuit Court. H. A. Stuart, plaintiff, v. Sarah Stuart, defendant: "Now on this day comes N. B. Crump, attorney for the nonresident defendant, and reports to the court, after inquiry he has been unable to find defendant's whereabouts."

It was shown that Mrs. Sarah Stuart had never lived in the State of Arkansas, and that no personal service was had upon her, nor did she have notice of the divorce suit. Were the steps required by the statute of Arkansas, in order to confer upon the Circuit Court of Boone County power to render the decree in the proceedings, taken? If so, jurisdiction attached and the decree was binding upon the defendant in that case, the appellant here, notwithstanding she was at the time a resident of Texas, and no personal service was had upon her and she did not enter an appearance in the case.

Plaintiff in the divorce suit, when he filed his suit, made an affidavit that Sarah Stuart, defendant, was a nonresident of the State of Arkansas. The statute of Arkansas provides where it appears by the affidavit of the plaintiff, filed in the clerk's office at or before the commencement of the action, that the defendant is a nonresident of the State, the clerk shall make, upon the complaint, a warning order, warning such defendant to appear in the action within thirty days from the time of making the order. Warning orders are required to be published weekly in a newspaper for at least four weeks. A defendant against whom a warning order has been made and published is deemed to have been constructively summoned on the thirtieth day after the making of the order and the action may proceed accordingly. The publication of the warning order is shown by the affidavit of the editor, proprietor, manager or chief accountant with a copy of said advertisement annexed, stating the number of times and the date of the papers in which the same are published. It is further provided that all writs and other judicial process shall run in the name of the State of Arkansas.

It is insisted that the warning order did not run in the name of "The State of Arkansas," and did not issue by virtue of an order of the judge of said Circuit Court, and the affidavit of publication of the warning order did not state the number of times it was published, nor the dates of the papers in which it was published, and said affidavit did not state that the party making said affidavit was the editor, manager, proprietor, or chief accountant of said newspaper, and for this reason the court did

not have jurisdiction to render the divorce decree. It is clear that the clerk under the statute of Arkansas was authorized to make the warning order and that it was not necessary that the same should be made by the court. There was no statute of Arkansas introduced in evidence requiring a warning order to run in the name of the State. It is argued that the warning order is "a writ or judicial process" and that the statute requires all writs and other judicial process to run in the name of the State. No decision of that State has been cited holding such order to be a writ or judicial process. In the absence of authority we are of the opinion that such warning order is not a writ or judicial process within the meaning of the statute of that State, but simply an order endorsed on the complaint directing how service on the defendant shall be made. The affidavit attached to the publication was made by the publisher of the newspaper, and does not state the number of times and the date of the papers in which it was published. The affidavit states that the order was published in a weekly newspaper for six consecutive weeks, commencing the 18th day of April, 1891, and ending the 23d day of May, 1891. The only construction to be placed on this language is that it was published six times in a weekly newspaper for six consecutive weeks, between the dates mentioned. It being a weekly newspaper would necessarily imply that it was published once each week on the dates of the publication of such paper. The fact that the party making the affidavit signs himself publisher instead of editor, proprietor or manager does not, we think, make the return defective. If the word publisher, as used in the affidavit, was used in the sense of proprietor or manager, then an affidavit made by a publisher of a newspaper meets the requirements of the statute. The definition of that word is so nearly synonomous to that of the words proprietor and manager that when used in the sense of a publisher of a newspaper it means the same as manager or proprietor and is sufficient.

Again, the decree in the divorce proceedings recites all the material steps necessary to be taken under the Arkansas statute to cite a nonresident of that State by publication. The decree shows that the court in effect passed upon these facts and found that service had been made in accordance with the statute. Under the statute and decisions of that State such recitations in the judgment are evidence of the facts recited. (Sec. 2191 of Stats.; Borden v. State, 11 Ark., 519; Boyd v. Roane, 49 Ark., 409.) The recitals in the judgment are evidence of the facts recited and in a collateral attack upon the judgment, such as is here made, are conclusive as to the matters here claimed to show want of service. (Henry v. Allen, 82 Texas, 38; Clay v. Clay, 13 Texas, 196; Pennoyer v. Neff, 95 U. S., 714; Hardy v. Hardy, 84 Texas, 562; Milburn v. Smith, 11 Texas Civ. App., 683.)

We conclude that the Circuit Court of Boone County had the power to render the decree of divorce and it being shown that the land sued for was the separate property of H. A. Stuart and not the homestead of H. A. Stuart and Sarah Stuart, at the time such decree was pronounced, the court did not err in instructing a verdict for plaintiffs below, appellees here. The judgment is affirmed.

*Affirmed.*