## EUREKA BLOCK COAL COMPANY v. WELLS.

[No. 12,159. Filed March 17, 1925. Modified and rehearing denied May 21, 1925.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act must be liberally construed.*—The courts are required to give the provisions of the Workmen's Compensation Act a broad and liberal construction. p. 184.

2. MASTER AND SERVANT.—*Widow's right to compensation under Workmen's Compensation Act not terminated by her marriage that is voidable for fraud.*—Giving a liberal construction to the provisions of the Workmen's Compensation Act, the clause of §38 of the act (§9483 Burns 1926, Acts 1919 p. 158) providing that "the dependency of a widow shall terminate with her marriage subsequent to the death of the employee" does not include void or voidable marriages which may be at once annulled. p. 184.

3. MASTER AND SERVANT.—*Annulment of marriage of widow for fraud of the husband relates back to time of marriage and restores her status under Workmen's Compensation Act.*—Where the widow of a deceased employee remarried, thereby terminating her compensation under the Workmen's Compensation Act (Acts 1919 p. 158, §9483 Burns 1926), the annulment of the marriage for fraud of the husband related back to the fraudulent marriage and restored her former status. p. 184.

4. MASTER AND SERVANT.—*Receipt in full by widow of deceased employee for compensation due her under Workmen's Compensation Act, on her remarriage, did not prevent her reinstatement as dependent.*—Where widow of deceased employee, on remarriage, executed receipt in full for compensation due her under the Workmen's Compensation Act, and the marriage was annulled for fraud, the receipt was not conclusive of the facts recited therein, and did not prevent her reinstatement as a dependent of the deceased employee. p. 185.

5. MASTER AND SERVANT.—*Industrial Board has jurisdiction to hear application of widow of deceased employee whose marriage had been annulled for fraud to be reinstated as a dependent.*—Industrial Board had jurisdiction to hear the application of a widow of a deceased employee to be reinstated as his dependent, after the annulment of her subsequent marriage for fraud, since the jurisdiction acquired on her original application for an award continued until the expiration of the period fixed by the award unless terminated earlier by a valid marriage or by her death. p. 185.

From Industrial Board of Indiana.

Application of Letitia Wells, widow of James E. Wells, to be reinstated as his dependent under the Workmen's Compensation Act, making the Eureka Block Coal Company, his employer, defendant. From an order granting the application, the defendant appeals. *Affirmed.* By the first division.

*Will H. Hays, Hinkle C. Hays, A. C. Owens, W. Paul Stratton, John S. Taylor, W. H. Bridwell* and *G. W. Buff,* for appellant.

*Paul R. Shafer,* for appellee.

REMY, J.—On January 30, 1922, appellee was awarded compensation as widow and sole dependent of

James E. Wells who had lost his life as a result of an accident arising out of his employment by appellant. Compensation in accordance with the award, which was for three hundred weeks at the rate of $13.20 per week, was regularly paid, until November 7, 1923. On November 9, 1923, appellee was married to Charles McCormick, with whom she lived as wife for about ten days, when she left him, claiming, at that time, to have discovered that the marriage contract was procured by fraud. On December 12, 1923, and after she had discovered the fraud, appellee formally certified to appellant that she had been married, and there being due her under the terms of the award, for the two days from November 7, 1923, to the date of her marriage, the sum of $3.77, she on that day receipted for that sum, and made settlement with appellant. As evidence of the settlement she signed and delivered to appellant, the following receipt:

> "Received of Eureka Block Coal Co. the sum of $3.77, making in all, with weekly payments already received by me, the total sum of $1,244.57, in final settlement of compensation agreed on—awarded me under the provisions of the Indiana Workmen's Compensation Act, as a dependent of James Wells, who died on January 19, 1922, by reason of an injury arising out of and in the course of his employment on January 19, 1922, while in the service of the said Eureka Block Coal Co."

This settlement was a transaction solely between the parties. It was not made pursuant to an order of the Industrial Board, nor was it approved by the board after it was made.

On December 13, 1923, appellee commenced a suit in the Vigo Superior Court against McCormick for the annulment of the marriage on the ground of fraud in its procurement; and on January 24, 1924, the marriage was annulled as prayed. Thereafter, appellee

filed with the Industrial Board a petition setting forth the facts as to her marriage and the annulment thereof, and asked that she be reinstated as the dependent of James E. Wells, the reinstatement to be as of November 10, 1923. To the petition, appellant, in addition to a denial, filed a special answer setting up the facts as to the marriage and the settlement with appellee to the date of the marriage. At the hearing, the board found that the marriage had been annulled as set forth in the petition, and that appellee should "be restored to compensation as of November 10, 1923," and made an order accordingly.

Appellant points out that clause (e) of §38 of the Workmen's Compensation Act (§9483 Burns 1926, Acts 1919 p. 158), among other things, provides that:

1, 2. "The dependency of a widow * * * shall terminate with * * * her marriage subsequent to the death of the employee," and, with much earnestness, contends that by reason of this provision of the act, the marriage of appellee to McCormick, though voidable, nevertheless was a marriage which terminated absolutely and permanently the dependency of appellee as widow of James E. Wells. We do not concur in this view. Giving the provision referred to a broad and liberal construction, as we must, a marriage, within the meaning of the statute, is not void or voidable marriage which may at once be annulled, but a valid and subsisting marriage.

In a proper proceeding, the marriage was annulled by a court of general jurisdiction, and, since §38, *supra*, does not include voidable marriages, the decree of annulment necessarily related back to the time of the marriage contract. There is respectable authority that judgments and decrees directly determining the status of parties, such as marriage, divorce and the like, are in that respect judgments *in rem*, and

are evidence of the status which they determine, as to all persons, whether parties thereto or not. *Burlen* v. *Shannon* (1855), 69 Mass. (3 Gray) 387; *Clews* v. *Bathurst* (1782), 2 Strange (Eng.) 960; *Gould* v. *Crow* (1874), 57 Mo. 200; *Dickson* v. *Dickson* (1826), 9 Tenn. (1 Yerg.) 110, 24 Am. Dec. 444; *Hood* v. *Hood* (1872), 110 Mass. 463; *Wootrich* v. *Freeman* (1877), 71 N. Y. 601; *Stuart* v. *Cole* (1906), 42 Tex. Civ. App. 478, 92 S. W. 1040; 2 Black, Judgments (2d ed.) §803; 1 Greenleaf, Evidence (15th ed.) §525; 2 Freeman, Judgments (4th ed.) §610.

It cannot be said by appellant, that by the alleged settlement with appellee it was misled to its disadvantage. Appellant merely paid to appellee the balance due her under the original award to the date of the marriage. The reinstatement adds nothing to appellant's liability as fixed by the original award. Appellee's receipt, under the circumstances, was not conclusive of the facts recited therein. *Birdsell Mfg. Co.* v. *Tripp* (1923), 80 Ind. App. 450, 141 N. E. 252; *Ft. Branch Coal Mining Co.* v. *Farley* (1921), 76 Ind. App. 37, 130 N. E. 132.

We do not concur in the view of appellant that the Industrial Board is without jurisdiction to hear this cause. It is conceded that the board had jurisdiction when the original award was made. Jurisdiction of the subject-matter having been acquired, it was continuing, and would not be lost until the expiration of the compensation period fixed by the original award, unless terminated earlier by a valid marriage, or by the death, of the dependent.

Affirmed.