

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-7273
Re: Classification of daughter of a divorced husband for inheritance tax purposes.

Your request for opinion on the captioned subject has been given careful consideration by this department. The facts are stated by you as follows:

"Mrs. Lula Kellogg died a resident of Coleman County, testate, and she devised her entire estate to Mrs. Annie Pettus, a daughter of a divorced husband. Mrs. Kellogg again married, and now in closing this estate for inheritance tax purposes this department has placed Mrs. Pettus in Class E, which provides a $500.00 exemption. Mr. Garland A. Woodard of Coleman, Texas, the attorney in this case, takes the position that Mrs. Pettus should be placed in Class A, which provides a $25,000.00 exemption, and relies on the decision in the O'Hair case to support his contention (130 S.W. 2nd 379)."

The persons entitled to be placed in Class A for inheritance tax purposes are specified in Article 7118, R. C. S., which, insofar as here pertinent, reads as follows:

"If passing to or for the use of husband or wife, or any direct lineal descendant of husband or wife, or any direct lineal descendant of the decedent, or to legally adopted child or children, or any direct lineal descendant of adopted child or children of the decedent, or to the husband of a daughter, or the wife of a son, the tax shall be one (1) per cent of any value in excess of Twenty-Five Thousand Dollars ($25,000.00)", etc. (Emphasis Added)

The O'Hair case, 130 S.W. 2d 379, can have no bearing on the case in issue. The facts in that case were these: Mrs. Hattie O'Hair, the party asserting the right

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

to be placed in Class A, is the surviving wife (not having remarried) of Will O'Hair, who died in 1919. To them was born a son, who was living at the time of the trial. Will O'Hair was the son of H. J. and Mary O'Hair, who died in 1936 and 1937 respectively, each testate, and each leaving a bequest to Mrs. Hattie O'Hair. The court, in deciding that this surviving wife should be placed in Class A, said:

"The trend of decision and legislation has been to give a liberal construction of and to liberalize the statute in the interest of those having some legitimate character of claim to the donor's bounty, and this regardless of whether there be a legal kinship by blood or marriage.

". . .

"In the generality of cases -- and in classifying for taxing purposes only generality can be taken into account -- the considerations which would motivate a father or mother-in-law to provide for the daughter-in-law would be at least as cogent after as before the death of the son. So also would be the considerations motivating legislative classification in this regard. These considerations are so obvious as not to require statement or elaboration.

"We think therefore the legislative intent to make no distinction between the wife of a living husband and the surviving wife of a deceased husband can be drawn from the article without doing violence to its language."

A consideration of the effect of divorce upon the relation of Mrs. Kellogg and her divorced husband is deemed of value at this point. It is said in 15 Tex. Jur. 560, Sec. 93:

"In Texas, a decree of divorce is absolute from the date of its entry unless set aside or appealed from. It has the legal effect of conclusively establishing the status of the parties as single persons, operating, it has been said, in rem and terminating the marriage relation." (Emphasis added)

In Stuart v. Cole, 92 S.W. 1040, the court said that a decree of divorce "terminates the marriage relation."

Honorable George H. Sheppard, Page 3

Under these authorities, the daughter of a divorced husband, is not a person "having some legitimate character of claim to the donor's bounty", and consequently there is no occasion for a liberal construction of Article 7118, even should it be assumed that there is basis for construction of the meaning of "direct lineal descendant of husband" to attempt to include direct lineal descendant of <u>divorced</u> husband or former husband.

It is the opinion of this department, therefore, that the daughter of a divorced husband for inheritance tax purposes should be classified as such "other person" referred to in Article 7122, and that she is subject to the provisions thereof.

Opinion No. O-7020, heretofore addressed to you, is on a closely related question and is referred to your attention.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Arthur L. Moller
Arthur L. Moller
Assistant

ALM:JMc

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN