Marion B. FOLSOM, Secretary of the Department of Health, Education and Welfare, Appellant,

v.

Gretta N. PEARSALL, Appellee.

No. 15218.

United States Court of Appeals Ninth Circuit.

May 31, 1957.

Lloyd H. Burke, U. S. Atty., William B. Spohn, Asst. U. S. Atty., San Francisco, Cal., Arthur C. Miller, Elizabeth M. Doyle, Attys., Dept. of Health, Education and Welfare, San Francisco, Cal., for appellant.

Chalmers Smith, San Jose, Cal., for appellee.

Before STEPHENS, BONE and POPE, Circuit Judges.

BONE, Circuit Judge.

In October, 1952, appellee began to receive mother's insurance benefits as she was the unremarried widow of Delbert L. Pearsall, a deceased wage earner, such payments being made according to 42 U.S.C.A. § 402(g). These payments to her terminated as of June, 1954, because of a marriage that month

to one Frank Richard. On November 19, 1954, appellee filed in an appropriate California court a "Complaint for Annulment and/or Divorce" against Richard. Appellee prayed for an annulment or, in the alternative, for an interlocutory decree of divorce. Richard defaulted, and the court issued its decree of annulment on December 9, 1954.

After this decree of annulment appellee requested reinstatement of her mother's insurance benefits. The Bureau of Old Age and Survivors Insurance, Social Security Administration, refused reinstatement. Appellee then had a hearing before a referee of the Office of the Appeals Council. The decision of this particular hearing was that appellee was not entitled to reinstatement of mother's insurance benefits as a result of the annulment of the marriage to Richard. Appellee's request for a review by the Appeals Council of the Referee's decision was denied, the decision thus becoming final.

Appellee commenced this action for a judicial review of the final administrative decision, as provided in 42 U.S.C.A. § 405(g). Both parties moved for summary judgment. In a memorandum opinion the lower court reversed the administrative decision. Pearsall v. Folsom, D.C.N.D.Cal.1956, 138 F.Supp. 939. Following a motion for reconsideration, the district judge filed a supplemental memorandum opinion affirming the prior decision. 138 F.Supp. 939, 943. Judgment was entered, from which appellant appeals.

Appellant and appellee agree on the question presented to this Court: "Whether the District Court erred in holding that the present appellee, whose mother's insurance benefits as the unremarried widow of a deceased wage earner had been terminated by her remarriage in accordance with Section 202 (g) of the Act (42 U.S.C.A. § 402(g) ), was entitled to reinstatement of those benefits upon the annulment of her remarriage on the ground that such was a voidable marriage."

The statute, 42 U.S.C.A. § 402(g) (1), reads:

"The widow * * * of an individual who died a fully or currently insured individual after 1939, if such widow * * *

"(A) has not remarried,

*     *     *     *     *     *

"(D) has filed application for mother's insurance benefits,

"(E) at the time of filing such application has in her care a child of such individual entitled to a child's insurance benefit, and

"(F) * * * shall be entitled to a mother's insurance benefit for each month, beginning with the first month after August 1950 in which she becomes so entitled to such insurance benefits *and ending* with the month preceding the first month in which any of the following occurs: * * * *she remarries* * * *." (Emphasis supplied.)

■ Agency determination of questions of law are entitled to weight, although not conclusive.[1] United States v. LaLone, 9 Cir., 1945, 152 F.2d 43; Jack Adelman, Inc., v. Sonners & Gordon, Inc., D.C.S.D.N.Y.1934, 112 F.Supp. 187; National Labor Relations Board v. Hearst Publications, Inc., 1944, 322 U.S. 111, 130–131, 64 S.Ct. 851, 88 L.Ed. 1170. We have given serious and weighty consideration to the referee's decision, but we believe the judgment of the district court should be affirmed.[2] "It is not to

---

[1]. It has been stated also that conclusions of law drawn by the district court are entitled to great consideration, though not conclusive. In re Chicago & N. W. R. Co., 7 Cir., 1940, 110 F.2d 425; United States v. Anderson, 7 Cir., 1939, 108 F. 2d 475.

[2]. The Referee's decision relied almost completely on the decision in Hahn v. Gray, 1953, 92 U.S.App.D.C. 188, 203 F. 2d 625. We do not believe that case decisive as the comments on marriage, annulment and resumption of benefits after annulment appear to be dictum. The Court explicitly stated that the de-

be doubted that in the final analysis, statutory construction is a legal function, and if the Board (under the facts of this case) can construe the language of the Act, the courts can examine that construction and determine its validity or invalidity." Miller v. Burger, 9 Cir., 1947, 161 F.2d 992, 994 (footnote citation of authority omitted).

■ Appellant urges that "remarries" is a term used in a Federal statute, and that its meaning must be interpreted in the context of that law. While we agree, we do not find a definition of "remarries" in the statute. "The scope of a federal right is, of course, a federal question, but that does not mean that its content is not to be determined by state, rather than federal law. [Citations omitted.] This is especially true where a statute deals with a familial relationship; there is no federal law of domestic relations, which is primarily a matter of state concern." De Sylva v. Ballentine, 1956, 351 U.S. 570, 580, 76 S.Ct. 974, 980, 100 L.Ed. 1415.

■■ By California law an annulment of a marriage means that no valid marriage ever existed, even though the marriage be only voidable.[3] Millar v. Millar, 1917, 175 Cal. 797, 807, 167 P. 394, 398, L.R.A.1918B, 415; Goff v. Goff, 1942, 52 Cal.App.2d 23, 125 P.2d 848; McDonald v. McDonald, 1936, 6 Cal.2d 457, 58 P.2d 163, 104 A.L.R. 1290. This doctrine of "relation back" to declare the marriage void from the beginning is not applied by the California courts in every instance. "The test for determining the applicability of the doctrine as applied to voidable marriages is whether it effects a result which conforms to the sanctions of sound policy and justice as between the immediate parties thereto, their property rights acquired during that marriage and the rights of their offspring * * *." Sefton v. Sefton, 1955, 45 Cal.2d 872, 875, 291 P.2d 439, 441. In the Sefton case the court decided " * * * it would be improper to reinstate * * *" the alimony obligation of a divorced husband following the annulment of a marriage by the divorced wife made subsequent to the divorce, on the theory that after the "celebration of marriage" the divorced husband " * * * was then entitled to recommit his assets previously chargeable to alimony * * *."[4] At pages 876–877 of 45 Cal.2d, at page 442 of 291 P.2d. But we believe there is a manifest difference between an alimony paying divorced husband and appellant and the Board of Trustees of the Federal

---

cision of the Administrator of Veterans' Affairs was final and not reviewable by the courts. But even the gratuitous comments of the Court are not persuasive, for in the Hahn case the Court stated that the New York court annulling the marriage " * * * did not purport to render the marriage void from its very inception." Hahn v. Gray, supra, 203 F.2d at page 626. Such is not the situation here (see footnote 3). Nor is appellant's case aided by Gaines v. Jacobsen, 1954, 308 N.Y. 218, 124 N.E.2d 290, 48 A.L.R.2d 312, which denied reinstatement of alimony payments, because the court believed a New York statute enacted subsequently to the decision in Sleicher v. Sleicher, 1929, 251 N.Y. 366, 167 N.E. 501 (opinion per Cardozo, C. J.), which granted reinstatement, required a result different from that in the Sleicher case.

3. The annulment decree involved in this case reads, in part:

"Now, therefore, it is ordered, adjudged and decreed that Plaintiff is entitled to an annulment; and that the marriage between the said plaintiff Gretta Richard, and the said defendant Frank Richard, be and the same is hereby declared wholly null and void from the beginning; * *."

4. The California Court further stated, in Sefton v. Sefton, that " * * * in cases involving the rights of third parties, courts have been especially wary lest the logical appeal of the fiction should obscure fundamental problems and lead to unjust or ill-advised results respecting a third party's rights. Thus the exceptions to the theory of 'relation back' should have their typical application to situations affecting an innocent third party * * *." Somewhat similar is Price v. Price, 1938, 24 Cal.App.2d 462, 75 P.2d 655. Both the Sefton and Price cases are analyzed in the opinion of the district court, 138 F.Supp. 939.

Old-Age and Survivors Insurance Trust Fund.

We believe, as did the district court, that decisions of state courts involving state workmen's compensation statutes and termination of benefits upon remarriage are sufficiently analogous to guide this Court in this case involving the Social Security Act. While the language of state workmen's compensation statutes vary among the states and all differ to some extent from the Social Security Act, we believe the problems sufficiently similar for the cases to be of relevance here.

In Eureka Block Coal Co. v. Wells, 1925, 83 Ind.App. 181, 147 N.E. 811, the court decided that the annulment related back to the time of marriage, and that it was proper under the State's statute for the Industrial Board to restore to the widow payments which were terminated on her remarriage.[5] In First National Bank in Grand Forks v. North Dakota Workmen's Compensation Bureau, N.D. 1955, 68 N.W.2d 661, 665, the Court stated the daughter of the deceased workman, following the annulment of her marriage, should "* * * receive payment from the Workmen's Compensation Bureau as though no marriage ceremony ever took place * * *."[6] Southern Ry. Co. v. Baskette, 1939, 175 Tenn. 253, 133 S.W.2d 498, followed the decision in Eureka Block Coal Co. v. Wells, supra. See Southern Pacific Co. v. Industrial Commission, 1939, 54 Ariz. 1, 91 P.2d 700, where the court reached the same conclusion,[7] though the plaintiff lost the suit because the court held the annulment invalid.[8]

■ Appellant seeks to mitigate the import of these decisions by urging that "dependency" determines rights to benefits under workmen's compensation statutes whereas "status" is determinative of rights to benefits under the Social Security Act. Even if there is such a distinction, and we express no opinion thereon, we believe such a distinction is insufficient, on the facts of this case, to require a difference in result. Appellant urges that turning to state law for the meaning of "remarries" means that application of the Federal law may vary among the states. While this may be so, we believe this to be a matter for Congressional consideration.[9]

---

5. Additional proceedings were had in this case, Eureka Block Coal Co. v. Wells, Ind., 1925, 146 N.E. 869. At page 870 the court stated, "There is respectable authority that judgments and decrees directly determining the status of parties, such as marriage, divorce, and the like, are in that respect judgments in rem, and are evidence of the status which they determine, as to all persons, whether parties thereto or not. [Citations omitted.]"

6. This North Dakota case is of special interest since it followed the California case of McDonald v. McDonald, 1936, 6 Cal.2d 457, 58 P.2d 163, 104 A.L.R. 1290, in regards to the "relation back" doctrine in an annulment of a marriage. Appellant sought to distinguish the North Dakota case by stating that a State statute provided for resumption of payments on the annulment of a marriage. While there may be such a statute (appellant does not cite it), a reading of the case shows that it did not figure in the reasoning of the court. The court made no mention of such a statute. The basis of decision appears to be solely that the decree of annulment made the marriage void ab initio.

7. The court stated, in Southern Pacific Co. v. Industrial Commission, supra: "We hold, therefore, that when a widow who is entitled to compensation under the Arizona law has remarried and received a lump settlement of the award, a legal annulment of the marriage will entitle her to have the original award reinstated upon tendering back the amount she has received as lump settlement." At pages 6–7 of 54 Ariz., at page 702, of 91 P.2d.

8. Cf. Crummies Creek Coal Co. v. Napier, 1932, 246 Ky. 569, 55 S.W.2d 339, and Dodds v. Pittsburgh M. & B. Rys. Co., 1932, 107 Pa.Super. 20, 162 A. 486, where in both cases the original compensation award was not restored, but the opinions indicate that it was because the marriages in both cases had not been legally annulled, and the implication is that had they been, compensation would have been restored.

9. If appellant is correct in the assertion that the application of the Social Security Act may vary among the states, we can

■ By looking to California law for the "content" of the word "remarries" used in the Federal law, we believe that, as appellee's California marriage was annulled by a California court and the marriage decreed null and void from the beginning so that under California law no valid marriage ever existed, appellee may receive the mother's insurance benefits of the Social Security Act.

The judgment of the District Court remanding the case to the Department of Health, Education and Welfare for further proceedings in conformity with its decision is affirmed.

say only that this would not appear to be the first Federal law to do so. We are reminded of the Federal income tax laws and their incidence in community property and non-community property (common law) jurisdictions. See comments on this principle in Hofferbert v. Marshall, 4 Cir., 1952, 200 F.2d 648, 650–651.