**Dorothy SCHROEDER, Plaintiff,**

v.

**Anthony J. CELEBREZZE, Secretary of Health, Education and Welfare, United States of America, Defendant.**

**No. 64–C–953.**

United States District Court
E. D. New York.

Aug. 4, 1965.

---

Leon I. Levitt, New York City, for plaintiff.

Joseph P. Hoey, U. S. Atty., Eastern District of New York, for defendant; George L. Barnett, Asst. U. S. Atty., of counsel.

ZAVATT, Chief Judge.

This is an action under Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to review a final decision of the Secretary of Health, Education, and Welfare denying the plaintiff's claim for reinstatement as a recipient of mother's insurance benefits under Section 202(g) of the Act, 42 U.S.C. § 402(g). It is before this court on defendant's motion and plaintiff's cross-motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The facts are not in dispute. This case presents solely a legal question, to wit, whether a widow and mother who has lost her right to mother's insurance benefits by virtue of a subsequent marriage regains this right when that marriage is annulled by a decree of a New York court.

The undisputed facts are as follows:

On September 15, 1960, the plaintiff filed application on her behalf for mother's insurance benefits and, on behalf of her son, for child's insurance benefits based upon the earning record of her deceased husband, Frederick C. Schroeder. The claim was allowed and on October 3, 1960, plaintiff and her child were each awarded benefits of $89.30 per month. On August 27, 1962, plaintiff reported to the Social Security Administration that she had married one Dominick Mongoni on August 18, 1962, and accordingly her mother's insurance benefit was terminated. This did not affect the benefit being paid to plaintiff's son. On November 19, 1962, plaintiff instituted an action (in the Supreme Court of the State of New York, Nassau County) for annulment of her said marriage alleging that Mongoni refused to go through with a religious wedding ceremony as he had promised and had also refused to consummate the marriage. The court granted an interlocutory decree of annulment which was entered in the Nassau County Clerk's Office on February 26, 1963, and became final on May 27, 1963. The plaintiff did not seek support in her action for annulment and the decree of annulment did not direct the second husband to support the plaintiff. On June 10, 1963, the plaintiff notified the Social Security Administration of the said decree and requested that, as the widow of her first husband, she be reinstated as a recipient of a mother's insurance benefit. The Mineola District Office of the Social Security Administration denied her request upon the ground that she was no longer the unremarried widow of the deceased wage earner. This decision of the District Office was affirmed by the New York Payment Center on September 12, 1963.

A hearing was held before an Examiner of the Bureau of Hearings and Appeals of the Social Security Administration on January 7, 1964, who, on January 31, 1964, decided that the marriage between the plaintiff and Dominick Mongoni was valid and subsisting under the law of New York from the date of its inception until the date the decree of annulment became final and, therefore, that the plaintiff was not the unremarried widow of Frederick C. Schroeder within the meaning of 42 U.S.C. § 402(g) (1). On August 6, 1964, the Appeals Council of the Bureau of Hearings and Appeals denied the plaintiff's request for review of the decision of the Hearing Examiner and that decision became the final administrative decision on plaintiff's claim.

This court is now called upon to construe Section 202(g) of the Social Security Act, as amended, 42 U.S.C. § 402(g), the relevant sections of which are as follows:

"Mother's insurance benefits

(g) (1) The widow * * * of an individual who died a fully or currently insured individual, if such widow * * *

(A) has not remarried,

* * * * * *

(D) has filed application for mother's insurance benefits, * *

(E) at the time of filing such application has in her care a child of such individual entitled to a child's insurance benefit, * *

* * * * * *

shall be entitled to a mother's insurance benefit for each month, beginning with the first month after August 1950 in which she becomes so entitled to such insurance benefits and ending with the month preceding the first month in which any of the following occurs: * * * she remarries, * * *."

The outcome of this case depends upon whether plaintiff's marriage to Dominick Mongoni is a remarriage within the meaning of 42 U.S.C. § 402(g), in view of the subsequent New York annulment.

The words "remarried" and "remarries" are not defined in the Act and therefore their meaning must be sought in the case law.

In Nott v. Flemming, 272 F.2d 380 (2d Cir.1959), the Court of Appeals for the Second Circuit was called upon to define these words appearing in the same context under 42 U.S.C. § 402(e) entitled "Widow's insurance benefits." That case involved a claim for widow's insurance benefits under the earnings record of plaintiff's first husband after a second marriage was terminated by a New York decree of annulment which contained no direction for the support of the wife by the second husband. The court held that the congressional purpose in terminating a widow's eligibility for Social Security benefits upon her remarriage rests upon her election to accept the financial support of her second husband in lieu of the minimal level of support assured by the Social Security System, and that Congress concluded that she should no longer be entitled to supplemental support from the Social Security Fund; that it is necessary to refer to state law to define remarriage, "but only for the narrow purpose of determining whether the widow has entered into a relationship that will entitle her under state law to support from her second husband." 272 F.2d at 382. The court in Nott v. Flemming, supra, held, that, since the New York Civil Practice Act § 1140–a (now New York Domestic Relations Law, McKinney's Consol.Laws, c. 14, § 236) authorized the New York State courts to provide for support for the wife in a decree of annulment of her marriage to her second husband, her marriage to her second husband had resulted in a relationship which entitled her to support from her second husband even in the event of an annulment of that marriage; that her second marriage, although terminated by a New York annulment, was a remarriage under 42 U.S.C. § 402(e).

An opposite result was reached by the Court of Appeals for the Fifth Circuit in Yeager v. Flemming, 282 F.2d 779

(5th Cir.1960) upon facts which, for all relevant purposes, seem to be similar to those in Nott v. Flemming, supra. In Yeager the court reinstated the plaintiff's widow's insurance benefit after her second marriage was terminated by a Connecticut annulment.[1] The court rejected the rationale of Nott v. Flemming, supra, in favor of strict adherence to the language of the decree which declared the marriage to be "null and void *ab initio.*" Finding that the purpose and intent of the Connecticut court was to declare the annulled marriage a complete nullity, with no status or validity, the court reinstated the plaintiff's widow's insurance benefit.

The plaintiff urges that Nott v. Flemming, supra, is distinguishable from the case before the court because she, unlike the plaintiff in Nott, is not only a widow but also a mother. It is argued that the child will suffer from the cessation of the plaintiff's mother's insurance benefit and that this case must be treated as an exception to the rule in Nott. There are cases in other circuits (not cited by the plaintiff) which have reinstated mother's insurance benefits after a second marriage was annulled. See, Pearsall v. Folsom, 138 F.Supp. 939 (N.D.Cal.1956), aff'd. 245 F.2d 562 (9th Cir.1957); Starace v. Celebrezze, 233 F.Supp. 452 (W.D.Pa.1964). In Pearsall v. Folsom, supra, the court found the California law of annulment to be that no marriage ever existed; emphasized the failure of California law to provide a right to support in an annulment action and concluded that it would not be an imposition upon the Social Security Fund to allow the plaintiff to resume the position she held prior to her second marriage. In Starace v. Celebrezze, supra, the court rested its definition of remarriage solely upon state law which treats a marriage induced by fraud and subsequently annulled to be void and not merely voidable.

 This court is bound by the definition of "remarried" and "remarries" given by the Court of Appeals for this Circuit as to a New York decree of annulment and finds that definition to be equally as applicable to a mother as to a widow. The test as to whether the plaintiff has remarried is her entitlement to support from her second husband, Dominick Mongoni; under the law of New York. The plaintiff was so entitled under New York Civil Practice Act § 1140-a (at the time of the decree of annulment) and is presently so entitled under § 236 of the New York Domestic Relations Law. Plaintiff's motion for summary judgment is denied. Defendant's motion for summary judgment dismissing the complaint is granted. Settle an order consistent herewith on or before ten (10) days from the date hereof.

---

**1.** Although the decision of the Court of Appeals speaks of widow's insurance benefits, the District Court treated the case as a claim for the reinstatement of mother's insurance benefits under 42 U.S.C. § 402(g).